## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| Trish Mack, as next friend of V.M.L., a minor, | |
| *Petitioner*, | **VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS AND REQUEST FOR ORDER TO SHOW CAUSE** |
| v. | |
| Mellissa HARPER, New Orleans Field Office Director of Immigration and Customs Enforcement; Kenneth GENALO, Acting Executive Associate Director of ICE Enforcement and Removal Operations; Todd LYONS, Acting Director of ICE; Kristi NOEM; Secretary of the Department of Homeland Security; Pamela BONDI; Attorney General of the United States, | **Case No:** _____ |
| Respondents. | |

**INTRODUCTION**

1. Petitioner, V.M.L. ("Petitioner" or "V.M.L."), is a two-year-old U.S. citizen child currently being held incommunicado in Respondent's custody at an unknown location on information or belief in the Alexandria area.

2. Respondents have no legal authority to detain V.M.L., as she is a natural-born U.S. citizen and a toddler.

3. On April 22, 2025, Respondents took custody of V.M.L. along with her mother, Jenny Carolina Lopez Villela, and her eleven-year-old sister, Valeria, when Ms. Lopez Villela was attending a routine check-in with their Intensive Supervision Appearance Program (ISAP).

4. V.M.L.'s custodian, Trish Mack, is ready and willing to exercise her delegated custodial authority for V.M.L., but Respondents have refused to release V.M.L. to her custodian.

5. V.M.L. respectfully requests a writ of habeas corpus to secure release from unlawful detention.

6. V.M.L. brings this action through her Next Friend, Trish Mack, her custodian. She acts on Petitioner's behalf because Petitioner is a minor and because she is being detained incommunicado and cannot secure access to legal counsel or to the courts of the United States. *See* Exh. 4, Affidavit of Next Friend.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (All Writs Act), 28 U.S.C. §§ 2201–02 (declaratory relief), and Article I, section 9, clause 2 of the U.S. Constitution (Suspension Clause), as V.M.L. is presently in custody under or by color of the authority of the United States, and

     she challenges her custody as in violation of the Constitution, laws, or treaties of the United States.

8. The federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas claims by individuals challenging the lawfulness of their detention. *See, e.g.*, *Zadvydas*, 533 U.S. 678; *Demore v. Kim*, 538 U.S. 510 (2003). In *Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018), the Supreme Court again upheld the federal courts' jurisdiction to review such claims.

9. Venue is proper in the Western District of Louisiana, pursuant to 28 U.S.C. §§ 1391 and 2241(d), because V.M.L. is being detained on information and belief in this District in the Alexandria area.

## PARTIES

10. Petitioner V.M.L. is a United States citizen currently detained incommunicado by Respondents at an unknown location, on information and belief, in the Alexandria area. V.M.L. has been continuously detained by Respondents since April 22, 2025.

11. Petitioner Trish Mack is V.M.L.'s custodian under La. R.S. § 9:951. Because Petitioner is a minor and cannot secure access either to legal counsel or to the courts of the United States, Ms. Mack acts as Petitioner's Next Friend. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

12. V.M.L. and her mother have been held incommunicado in Respondent's custody since around 8:30am on April 22, 2025. *See* Exh. 4. Additionally, V.M.L. is just over two years old and is unable to represent herself. Ms. Mack is a family friend, her custodian as appointed by V.M.L.'s father, has known V.M.L. for about a year, and is dedicated to V.M.L.'s best interests. *Id.*

13. Respondent Mellissa Harper is the Field Office Director for the New Orleans Field Office of U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO"). Respondent Harper has control over V.M.L. as her immediate custodian.

14. Respondent Kenneth Genalo is the Acting Executive Associate Director of ICE Enforcement and Removal Operations ("ERO"). He is the head of the ICE office that carries out arrests and detention of noncitizens and removals from the United States. Respondent Genalo is a legal custodian of V.M.L.

15. Respondent Todd Lyons is the Acting Director of ICE. Respondent Lyons is responsible for the administration of ICE and the implementation and enforcement of immigration laws, including immigrant detention. Respondent Lyons is a legal custodian of V.M.L.

16. Respondent Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), which is responsible for the administration of ICE, a subunit of DHS, and the implementation and enforcement of immigration laws. Respondent Noem is a legal custodian of V.M.L.

17. Respondent Pamela Bondi is the Attorney General of the United States. Attorney General Bondi is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(g). Respondent Bondi is a legal custodian of V.M.L.

18. All Respondents are sued in their official capacities.

## STATEMENT OF FACTS

19. V.M.L. was born on January 4, 2023, in Baton Rouge, Louisiana. Her mother and father are both named on her birth certificate. *See* Exh. 1.

20. On or around April 22, 2025, around 8:30am, V.M.L.'s mother attended a scheduled check-in at the New Orleans ISAP office with V.M.L. and her eleven-year-old sister.[1] On information and belief, at that appointment, ICE officers apprehended V.M.L.'s mother and the two girls.

21. Roughly an hour after V.M.L.'s mother and the girls went into the ISAP office, V.M.L.'s father, who had taken them to the appointment, received a call from a person inside the ISAP office. That person said the family had all been taken to the immigration office and gave him an address. When he arrived at the address, he saw that it was the ICE Field Office in New Orleans at 1250 Poydras St, Suite 350, New Orleans, LA 70113. ICE officers took him outside and gave V.M.L.'s father a paper saying that V.M.L.'s mother was under their custody. The ICE officers said they could not give him any more information but that V.M.L.'s mom would call him soon.

22. That afternoon, an attorney representing V.M.L.'s father called and spoke with ICE Officer John Harnett. The attorney communicated that V.M.L. is a U.S. citizen. ICE Officer Harnett stated that V.M.L.'s mother's deportation was certain and that he believed they were all in a hotel, but would not say where. He was not able to provide a legal call between the attorney and V.M.L.'s mother.

23. Around 7:30pm the same day, V.M.L.'s father received a call from an ICE officer, who spoke to him for about a minute. The officer said that V.M.L.'s mother was there, and that they did not have much time to speak to each other and that they were going to deport his partner and daughters. V.M.L.'s father was able to speak with his partner for only about or less than a minute. He heard his daughters crying and his partner crying. He reminded

---

[1] ISAP required V.M.L.'s mother to bring both of her daughters to her check-ins, which V.M.L.'s mother had been regularly attending for almost four years.

V.M.L.'s mother that their daughter was a U.S. citizen and could not be deported. The officer overheard and said that V.M.L. would not be deported and explained that V.M.L.'s mother and sister had deportation orders. V.M.L.'s father began to give V.M.L.'s mother the phone number for their attorneys, but before he could, he heard the ICE officer take the phone from her and hang up the call.

24. Also on April 22, 2025, V.M.L.'s father executed a Provisional Custody by Mandate under Louisiana Revised Statutes § 9:951, temporarily "delegat[ing] the provisional custody of" his two daughters to his U.S. citizen sister-in-law, who also lives in Baton Rouge, LA. The Mandate was notarized by a valid notary public in the state of Louisiana.

25. On April 22, 2025, at about 9:30pm, an attorney representing V.M.L.'s father sent an email to Respondent Mellissa Harper, expressing concern for his youngest daughter, V.M.L., and identifying key directives that the family's detention violated. *See* Exh. 2. To the email, the attorney attached V.M.L.'s birth certificate and the notarized Provisional Custody by Mandate.

26. The attorney spoke with Respondent Harper over the phone the next morning, April 23, at which point Respondent Harper began interrogating the attorney as to V.M.L.'s father's immigration status. The attorney declined to answer any questions about V.M.L.'s father, asking about the location of V.M.L. Respondent Harper refused to honor a request to release V.M.L. to her custodian, stating that it was not needed because V.M.L. was already with her mother. Respondent Harper stated that the father could try to pick her up, but that he would also be taken into custody. Respondent Harper later sent an email further evincing her refusal to release V.M.L. to her custodian, *see* Exh. 2, and stating that she would instead require V.M.L.'s father to turn himself in for detention and deportation, indicating that she

was detaining V.M.L.—a two-year-old U.S. citizen—in order to induce her father to turn himself in to the immigration authorities.

27. The attorney sent a follow up email shortly thereafter, reiterating her questions about the whereabouts of V.M.L. Respondent Harper has not replied to that email.

28. Also on April 23, 2025, Next Friend Petitioner Trish Mack made a series of calls to check on the welfare of V.M.L., her mother, and her sister. Exh. 4. She spoke with an officer by phone who informed her that the family was in a hotel, but she was not given their location or any way to contact them.

29. On April 24, 2025, the mandatary named in the Provisional Custody by Mandate terminated the agreement for personal reasons, and V.M.L.'s father and Next Friend Petitioner Trish Mack executed a new notarized Provisional Custody by Mandate, delegating custodial authority to Ms. Mack. Exh. 3. On information and belief, the notary reviewed both children's birth certificates, the father's passport, and Ms. Mack's state-issued identification.

## FIRST CLAIM FOR RELIEF

## ULTRA VIRES DETENTION

30. V.M.L. re-alleges and incorporates by reference each and every allegation contained above.

31. V.M.L. is in custody "under or by color of the authority of the United States" and in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

32. Respondents lack any statutory or constitutional authority to detain V.M.L., who is a U.S. citizen. *See generally* 8 U.S.C. Chapter 12, Subchapter II, Part IV.

33. V.M.L.'s detention is therefore unlawful and she is entitled to immediate release from custody.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

34. V.M.L. re-alleges and incorporates by reference each and every allegation contained above.

35. The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures," which, at a minimum, requires arresting immigration officers to have probable cause that the person is removable.

36. Respondents did not and do not have probable cause to believe that V.M.L. is removable, and her arrest constitutes an unreasonable seizure in violation of the Fourth Amendment.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF FIFTH AMENDMENT SUBSTANTIVE DUE PROCESS

37. V.M.L. re-alleges and incorporates by reference each and every allegation contained above.

38. The Fifth Amendment provides that "[n]o person shall be . . . deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Further, the Supreme Court has recognized that due process includes "a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993) (emphasis in original).

39. V.M.L.'s detention is a fundamental deprivation of her liberty that is not tailored at all to a government interest.

**PRAYER FOR RELIEF**

WHEREFORE Petitioner requests that the Court grant the following relief:

    a.       Assume jurisdiction over this matter;

    b.       Order Respondents to show cause why a writ of habeas corpus should not be granted within 3 days;

    c.       Order that as part of their filing to showing cause why the Petition should not be granted, Respondents provide all documents relevant to V.M.L.'s detention;

    d.       Expedite consideration of this action pursuant to 28 U.S.C. § 1657 because it is an action brought under chapter 153 (habeas corpus) of Title 28;

    e.       In the event that this Court determines that a genuine dispute of material fact exists regarding Respondents' custody of V.M.L., schedule an evidentiary hearing pursuant to 28 U.S.C. § 2243. *See Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1315–16 (11th Cir. 2019);

    f.       Grant a writ of habeas corpus ordering Respondents to immediately release V.M.L. from their custody to her custodian;

    h.       Declare that detention of V.M.L. is ultra vires;

    i.       Declare that V.M.L.'s arrest and detention violate the Fourth Amendment;

    j.       Declare that V.M.L.'s detention violates the Due Process Clause of the Fifth Amendment;

    l.       Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

    m.      Grant such further relief as this Court deems just and proper.

Dated: April 24, 2025                                            Respectfully submitted,

/s/ Matthew Vogel
Matthew S. Vogel
Gracie H. Willis*
National Immigration Project
of the National Lawyers Guild
1763 Columbia Road NW
Suite 175 # 896645
Washington, DC 20009
Tel: (213) 430-5521
matt@nipnlg.org
gracie@nipnlg.org

*Pro hac vice application forthcoming*

**Counsel for Petitioners**

**Verification**

I declare under penalty of perjury that the facts set forth in the foregoing Verified Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, information, and belief.

/s/ Matthew Vogel                                                Date: April 24, 2025

Matthew Vogel