UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| TRISH MACK, as next friend of V.M.L., a minor, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 1:25-cv-00550 ) |
| MELLISSA HARPER, et al., | ) ) |
| Respondents. | ) ) |

**RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S
MOTION FOR A TEMPORARY RESTRAINING ORDER**

Respondents respectfully submit this opposition to Petitioner's request for a temporary restraining order (TRO), ECF 2-1.

**BACKGROUND**

V.M.L. is a minor United States Citizen child in the lawful custody of her mother, Jenny Carolina Lopez Villela ("Ms. Lopez Villela"). Ms. Villela was scheduled to be removed on April 25, 2025, along with her two children, including V.M.L.[1] ECF 2-1. Ms. Lopez Villela made known to ICE officials that she wanted to retain custody of V.M.L. and for V.M.L. to go with Ms. Lopez Villela to Honduras. *See* Ex. A, Handwritten Letter from Ms. Lopez Villela. Importantly, the rough translation of that letter is: "I, Jenny Carolina Lopez [Villela], will bring my daughter, Valentina Mendez Lopez, with me to Hondruas." *See* Ex. A.

---

[1] Respondents will provide further updates on V.M.L.'s whereabouts when that information is confirmed.

Petitioner Mack is an associate of a man who claims to be V.M.L.'s father. ECF 2-1 at 3–4. This man executed a Provisional Custody by Mandate delegating his purported legal custody of V.M.L. to Petitioner Mack. *Id.* But the man claiming to be V.M.L.'s father and Petitioner Mack have not presented themselves to Immigration and Customs Enforcement ("ICE") and identified themselves, despite requests that they do so. *See* ECF 2-1 at 4; ECF 1 ¶ 26; Ex. B, Declaration of Mellissa Harper, ¶¶ 5-6.

## ARGUMENT

A petitioner seeking a TRO must establish: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). When the government is a respondent, the last two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## ARGUMENT

Each TRO element weighs in the government's favor.

First, Petitioner is unlikely to succeed on the merits of her claims. *See* ECF 1. V.M.L. is in the custody of her legal custodian – her mother. Neither Petitioner Mack nor the man claiming to be V.M.L.'s father have provided proof of their identities to ICE officials, much less any proof of legal custody, such that ICE may release V.M.L. into their custody. Ex. B ¶¶ 5-6. Further, Ms. Lopez Villela made known that she does not want V.M.L. released from her custody. Ex. A. Thus, ICE did not act unlawfully by refusing to separate V.M.L. from her mother or place V.M.L. in the custody of individuals who did not establish their identities.

Second, V.M.L. is not at substantial risk of irreparable harm if kept with her lawful custodian mother. Indeed, taking V.M.L. away from her mother and placing her in the custody of unidentified individuals would pose a greater risk of harm. It is therefore in the best interest of V.M.L. that she remain in the lawful custody of her mother. It is therefore in V.M.L.'s best interest that she remain in the lawful custody of her mother. Further, V.M.L. is not at risk of irreparable harm because she is a U.S. citizen. Should her mother decide to allow Petitioner Mack and the purported father to take custody of V.M.L., V.M.L. is not prohibited from entering the United States.

Third, the public interest consideration weighs in favor of keeping V.M.L. together with her mother because Ms. Lopez Villela is the only individual ICE knows to be a legal custodian of V.M.L. Ms. Lopez Villela has expressly indicated her choice to keep V.M.L. with her, meaning that the equities as to V.M.L. preponderate in favor of remaining with her mother, who wishes V.M.L. to join her in Honduras. Ex. A. Petitioner Mack, the purported Next Friend, does not suggest that she speaks for Ms. Lopez Villela, nor should such Next Friend status entitle Petitioner Mack to subvert the express, written desire of Ms. Lopez Villela.

Accordingly, a TRO is not warranted here.

## **CONCLUSION**

The Court should deny Petitioner's TRO motion.

Dated: April 25, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ERNESTO MOLINA
Deputy Director
Office of Immigration Litigation
Civil Division

/s/ Joseph A. McCarter
JOSEPH A. MCCARTER
Trial Attorney
Office of Immigration Litigation
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537
Joseph.A.McCarter@usdoj.gov