# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **V M L ET AL** | **CASE NO.  1:25-CV-00550 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MELLISSA B HARPER ET AL** | **MAG. JUDGE PEREZ-MONTES** |

## ORDER

On Friday, April 25, 2025, this Court issued an Order (ECF No. 8) setting a hearing on a Habeas Petition (ECF No. 1) and an Emergency Motion for Temporary Restraining Order (ECF No. 2) filed in this case.  For context and to better aid the parties at the hearing, the Court clarifies its concerns here.

VML is a two-year-old United States citizen.  ECF No. 1 at 2.  Her mother is an illegal immigrant from Honduras.  *Id.* at 5.  Her father is implied to be an illegal immigrant as well.  *See* ECF No. 5 at 3.  Pursuant to ICE's Intensive Supervision Appearance Program, VML, alongside her mother and sister, went to the New Orleans Field Office of ICE on April 22, 2025.  ECF No. 1 at 2.  They were detained. *Id.*  The father allegedly tried to get VML back but was fearful he'd be deported too. ECF No. 5 at 3.  So, he purportedly assigned his custodial rights to his sister-in-law, an American citizen.  ECF No 1 at 6.  Accounts vary, but VML remained in ICE custody despite the father and sister-in-law's efforts.  Relevant here, Petitioner alleges that the mother and father agreed on the phone in the presence of an ICE agent to have VML remain in the United States, and the ICE agent allegedly agreed that VML would not be deported.  *See* ECF No. 5. at 2–3.  It is ICE's position that

VML's mother instead requested VML go with her to Honduras, and ICE provided a note purporting as much. ECF No. 5-1 at 5, 10. That is the factual dispute the Court sought to clarify prior to VML's removal. The procedural history below illuminates why pre-removal clarification was impossible.

This case was filed at 7:59 p.m. CST on April 24, 2025. *See* NEF RECEIPT, ECF No. 1. The plane carrying VML from the Alexandria Division took off toward Texas at 6:23 a.m. CST. *See* ECF No. 5 at 1. The case was assigned to the undersigned at 8:14 a.m. CST on April 25, 2025, and the Court immediately began considering the Petition. A minute later, at 8:15 a.m., the plane carrying VML from Alexandria reached El Paso, preparing for its final leg to Honduras. For even greater context, the Court was simultaneously conducting criminal jury selection in an unrelated matter beginning at 9:00 a.m. CST. The Government's position on VML was first gleaned from an exhibit (ECF No. 5-1) to Petitioner's Reply brief (ECF No. 5), filed at 9:41 a.m. CST. *See* NEF RECEIPT, ECF No. 5. Now aware of the alleged note controverting the Petition's allegations, the Court sought to call VML's mother to have her attest that she consented to her child being removed with her. *See* ECF No. 8. That didn't happen. *See id.* Now we are here.

As mentioned above, the Court still doesn't know whether the Petitioner's or the Government's version of events should be credited. What the Court does know is that it has a pending petition for habeas corpus and emergency motion for temporary restraining order, which could have merit depending on whether the parents actually

resolved for VML not to be removed, and she was anyway.  *See* ECF Nos. 1 and 2. That is the purpose of the hearing.  Accordingly,

**IT IS ORDERED** that the parties be prepared to discuss the above issues at the May 16, 2025, hearing.  *See* ECF No. 8.

**MONROE, LOUISIANA**, this 29th day of April, 2025.

_____
Terry A. Doughty
United States District Judge